**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>XSTREAM SYSTEMS, INC.,<br><br>       Debtor. | Chapter 7<br><br>Case No. 11-11086-CSS |
| CHARLES M. FORMAN, Chapter 7 Trustee,<br><br>       Plaintiff,<br><br>v.<br><br>XSI, LLC, PERKINS COIE, LLP, NHB ADVISORS, INC., BAYARD, P.A. and THE ROSNER LAW GROUP, LLC,<br><br>       Defendants. | Adv. Proc. No. 15- |

**COMPLAINT IN THE NATURE OF INTERPLEADER**

Charles M. Forman, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of XStream Systems, Inc. (the "Debtor"), for his complaint in the Nature of Interpleader against the Defendants named herein (the "Defendants"), alleges upon information and belief that:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334(b) and 157(b).

2.     This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2)(A) and (O).

3.     Venue of this adversary proceeding is proper in this District under 28 U.S.C. §1409(a).

00419376 - 1

## THE PARTIES

4.      On April 8, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code").

5.      On May 10, 2011, the Office of the United States Trustee filed a notice of appointment of an Official Committee of Unsecured Creditors (the "Committee").

6.      On November 2, 2012, the Court entered an Order converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

7.      On November 5, 2012, the Office of the United States Trustee appointed the Trustee to serve as the interim chapter 7 trustee.  In accordance with section 702(d) of the Bankruptcy Code, the Trustee continues to serve as the chapter 7 trustee for the Debtor's bankruptcy estate.

8.      XSI, LLC is a limited liability company with a last known address of c/o Charles J. Brown, III, Gellert Scali Busenkell & Brown, LLC, 913 N. Market Street, 10th Floor, Wilmington, DE 19801.

9.      Perkins Coie, LLP was co-counsel to the Committee with a last known address of c/o Schuyler G. Carroll, Esq., Perkins Coie, LLP, 30 Rockefeller Plaza, 22nd Floor, New York, NY 10112.

10.     The Rosner Law Group, LLC was co-counsel to the Committee with a last known address of 824 Market Street, Suite 810, Wilmington, DE 19801.

11.     NHB Advisors, Inc. served as financial advisors to the Committee with a last known address of 919 Market Street, Suite 1410, Wilmington, DE 19801

12.     Bayard, P.A. was counsel to the Debtor with a last known address of 222 Delaware Avenue, Suite 900, Wilmington, DE 19801.

## BACKGROUND

13.     This is an action in the nature of interpleader brought under Rule 7022 of the Federal Rules of Bankruptcy Procedure and Rule 22(1) of the Federal Rules of Civil Procedure.

14.     Prior to the Petition Date, XSI, LLC made loans and advances (the "Loans") to the Debtor pursuant to a Letter Agreement, Senior Secured Demand Note, Security Agreement, and Control Agreement, dated March 1, 2011, by and between XSI, LLC and the Debtor and related transaction documents (collectively, the "Pre-Petition Financing Agreements").

15.     As of the Petition Date, the principal amount owed under the Loans was not less than $122,000.00, plus all interest accruing thereon, and all fees, costs, expenses, and other charges, for a total of $130,662.00 (the "Pre-Petition Obligations").

16.     As of the Petition Date, the Pre-Petition Obligations were fully secured by valid, perfected, enforceable and non-avoidable security interests and liens granted by the Debtor to XSI, LLC upon all of the assets existing as of the Petition Date (the "Prepetition Collateral").

17.     On April 11, 2011, the Debtor filed a motion for an Order authorizing the Debtor to obtain interim post-petition financing from XSI, LLC and scheduling a final hearing (the "DIP Motion").

18.     On April 18, 2011, this Court entered an interim Order authorizing the Debtor to use cash collateral and obtain interim post-petition financing from XSI, LLC (the "First Interim DIP Order").

19.     On May 9, 2011, the Debtor filed an application to retain Bayard, P.A. as counsel, which was granted by Order dated May 31, 2011.

20.     On May 13, 2011, this Court entered a second interim Order authorizing the Debtor to obtain interim post-petition financing from XSI, LLC (the "Second Interim DIP Order").

21.     XSI, LLC loaned $50,000 to the Debtor after the Petition Date.

22.     The Second Interim DIP Order provided a carve-out, subject to certain limitations, for the Debtor's professionals and the Committee's professionals.   The Debtor's professionals are capped at $160,000 in the aggregate.   The Committee's professionals are capped at $25,000 in the aggregate.   The Second Interim DIP Order also excludes the following professional fees from payment:

> Notwithstanding anything to the contrary in this Interim Order, the Professional Fee Carve Out shall not be used to pay any Allowed Professional Fees or any other fees and/or expenses incurred by any professional in connection with any of the following: (i) an assertion or joinder in (but excluding any investigation into) any claim, counter-claim, action, proceeding, application, motion, objection, defense, or other contested matter seeking any order, judgment, determination or similar relief; (ii) challenging the legality, validity, priority, perfection, or enforceability of the Obligations or Lender's liens on and security interests in the Collateral; (iii) invalidating, setting aside, avoiding, or subordinating, in whole or in part, the Obligations or Lender's liens on and security interests in the Collateral; (iv) preventing, hindering, or delaying Lender's assertion or enforcement of any lien, claim, right or security interest or realization upon any Collateral; (v) a request to use the Cash Collateral (as such term is defined in section 363 of the Bankruptcy Code) without the prior written consent of Lender; (vi) a request for authorization to obtain debtor-in-possession financing or other financial accommodations pursuant to section 364(c) or (d) of the Bankruptcy Code other than from Lender without the prior written consent of Lender; (vii) the commencement or prosecution of any action or proceeding of any claims, causes of action, or defenses against Lender or any of their respective officers, directors, employees, agents, attorneys, affiliates, assigns, or successors, including, without limitation, any attempt to recover or avoid any claim or interest from Lender under Chapter 5 of the Bankruptcy Code, or (viii) any act which has the effect of materially and adversely modifying or compromising the rights and remedies of Lender, or which is contrary, in a manner that is material and adverse to Lender to any term or condition set forth in or acknowledged by the Financing Agreements or this Interim Order and which results in the occurrence of an Event of Default under the Financing Agreements and/or this Interim Order.

23.     On June 3, 2011, the Committee filed an application to retain Perkins Coie, LLP as counsel, which was granted by Order dated June 30, 2011.

24.     On June 6, 2011, the Committee filed an application to retain The Rosner Law Group, LLC as co-counsel, which was granted by Order dated June 30, 2011.

25.     On June 21, 2011, the Debtor filed a motion for an Order approving bidding procedures and scheduling an auction of the Debtor's assets (the "Bid Motion").

26.     On July 8, 2011, this Court entered an Order granting the Bid Motion.

27.     On July 12, 2011, the Committee filed an application to retain NHB Advisors, Inc. as financial advisors, which was granted by Order entered August 9, 2011.

28.     On July 14, 2011, the Debtor withdrew the DIP Motion. No final DIP Order was entered.

29.     On August 22, 2011, this Court entered an Order authorizing the Debtor to sell all of its tangible assets located in Florida to Kimball International, Inc. in exchange for a credit bid by Kimball International, Inc.

30.     On August 24, 2011, this Court entered an Order authorizing the Debtor to sell its remaining assets to Veracity Network, Inc. in exchange for 100,000 shares of Veracity Network, Inc. and payment of $75,000.00 (the "Sale Proceeds").

31.     On November 21, 2011, the Court entered an Order approving the final fee application of Bayard, P.A.

32.     On January 2, 2013, XSI, LLC filed a secured proof of claim in the amount of $186,600.00.

33.    On January 15, 2013, the Court entered Orders approving the final fee applications of Perkins Coie, LLP, NHB Advisors, Inc., and The Rosner Law Group, LLC.  The total outstanding professional fees are as follows:

| Professional | Retained By | Total Due |
|---|---|---|
| Bayard, P.A. | Debtor | 90,270.25 |
| Perkins Coie LLP | Committee | 86,513.96 |
| NHB Advisors | Committee | 67,550.91 |
| The Rosner Law Group | Committee | 15,202.42 |

34.    Counsel to the Debtor turned over the Sale Proceeds to the Trustee after the case converted.

35.    The Sale Proceeds are either collateral of XSI, LLC or to be paid as part of the carve-out to the chapter 11 professionals.

36.    Counsel to the Trustee contacted the Defendants on several occasions to attempt to resolve disbursement of the Sale Proceeds, without success.

37.    Because the Trustee is unable to determine which party is entitled to the Sale Proceeds, the Trustee filed this adversary proceeding in the nature of interpleader against those that claim an interest in the Sale Proceeds.

38.    The Trustee is prepared to deposit with the Court the remaining Sale Proceeds, as the Court may deem appropriate, until a determination can be made as to the proper claimant of the Sale Proceeds.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

A.      Requiring the Defendants to interplead in this case all of their claims under or in respect to the Sale Proceeds and litigate their differences;

B.      Directing the Trustee to deposit the Sale Proceeds into the registry of the Court to await a determination of ownership;

C.      Determining which of the Defendants is entitled to the Sale Proceeds;

D.      Enjoining each of the Defendants from instituting any and all actions against the Trustee relating to or concerning the Sale Proceeds;

E.      Relieving and discharging the Trustee from any and all liability relating to or concerning any claim that might arise in connection with the Sale Proceeds; and

F.      Awarding the Trustee its reasonable costs, attorney's fees, disbursements and allowances incurred in connection with this action out of the monies at issue or otherwise; and

G.      For such other and further relief as this Court deems just and proper.

Dated: ___1/22/2015___
      Paramus, New Jersey

                            /s/ Charles M. Forman
                            Charles M. Forman, Chapter 7 Trustee
                            FORMAN HOLT ELIADES & YOUNGMAN LLC
                            80 Route 4 East, Suite 290
                            Paramus, NJ 07652
                            Telephone: (201) 845-1000
                            Fax: (201) 845-9112
                            cforman@formanlaw.com